1
2
3
4                        **UNITED STATES DISTRICT COURT**
5                             **DISTRICT OF NEVADA**
6

7   SCOTT B. DUNN,                        )
                                          )         Case No. 2:15-cv-01111-JCM-CWH
                    Plaintiff,            )
8                                         )         **ORDER**
    vs.                                   )
9                                         )
    CAROLYN W. COLVIN,                    )
10  ACTING COMMISSIONER OF SOCIAL         )
    SECURITY ADMINISTRATION,              )
11                                        )
                    Defendant.            )
12  _____ )

13          This matter is before the Court on Plaintiff's Motion/Application for Leave to Proceed *In Forma*

14  *Pauperis* (#1), filed June 11, 2015.

15  **I.       *In Forma Pauperis* Application**

16          The undersigned has reviewed the financial affidavit submitted under 28 U.S.C. § 1915(a) and

17  finds Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly,

18  the request to proceed *in forma pauperis* will be granted.

19  **II.      Screening the Complaint**

20          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the

21  complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

22  legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

23  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

24  court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

25  with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

26  deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

27  1995).

28          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

    failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

1   ruling on a question of law.  *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.

2   1983).  In considering whether the plaintiff has stated a claim upon which relief can be granted, all

3   material allegations in the complaint are accepted as true and are to be construed in the light most

4   favorable to the plaintiff.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

5        Plaintiff's complaint challenges a decision by the Social Security Administration ("SSA")

6   denying benefits.  Prior to filing suit, a plaintiff must exhaust administrative remedies.  *See* 42 U.S.C.

7   § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curium) ("Section

8   405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing

9   held by the Secretary, and (2) the Secretary has made a final decision on the claim").  Generally, if the

10  SSA denies a claimant's application for disability benefits, he can request reconsideration of the

11  decision.  If the claim is denied at the reconsideration level, a claimant may request a hearing before an

12  Administrative Law Judge ("ALJ").  If the ALJ denies the claim, a claimant may request review of the

13  decision by the Appeals Council.  If the Appeals Council declines to review the ALJ's decision, a

14  claimant may then request judicial review.  *See generally* 20 C.F.R. §§ 404, 416.

15       Once a plaintiff has exhausted administrative remedies, he can obtain judicial review of a SSA

16  decision denying benefits by filing suit within sixty (60) days after notice of a final decision.  *Id.*  An

17  action for judicial review of a determination by the SSA must be brought "in the district court of the

18  United States for the judicial district in which the plaintiff resides."  *Id.*  The complaint should state the

19  nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and how he

20  exhausted his administrative remedies.  The complaint should also contain a plain, short, and concise

21  statement identifying the nature of Plaintiff's disagreement with the determination made by the Social

22  Security Administration and show that Plaintiff is entitled to relief.  A district court can affirm, modify,

23  reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed a

24  civil action.  However, judicial review of the Commissioner's decision to deny benefits is limited to

25  determining: (a) whether there is substantial evidence in the record as a whole to support the findings of

26  the Commissioner; and (b) whether the correct legal standards were applied.  *Morgan v. Commissioner*

27  *of the Social Security Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

28       Plaintiff alleges that on April 20, 2015, the Appeals Council denied his request for review, and,

1    at that time, the ALJ's decision became the final decision of the Commissioner.  Thus, it appears

2    Plaintiff has exhausted his administrative remedies.  Additionally, Plaintiff's complaint includes

3    sufficient facts to state a claim for relief.

4           Based on the foregoing and good cause appearing therefore,

5           **IT IS HEREBY ORDERED** that:

6           1.      Plaintiff's Motion/Application to proceed in forma pauperis (#1) is GRANTED.

7           2.      Plaintiff is permitted to maintain this action to conclusion without the necessity of

8    prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave

9    to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

10          3.      The Clerk of Court shall file the Complaint.

11          4.      The Clerk of the Court shall serve the Commissioner of the Social Security Administration

12   by sending a copy of the summons and Complaint by certified mail to: (1) Office of Regional Chief

13   Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California

14   94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania

15   Avenue, N.W., Room 4400, Washington, D.C. 20530.

16          5.      The Clerk of Court shall issue summons to the United States Attorney for the District of

17   Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

18          6.      From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been

19   entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for

20   consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate

21   stating the date that a true and correct copy of the document was personally served or sent by mail to the

22   defendants or counsel for the defendants.  The court may disregard any paper received by a district judge

23   or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge,

24   magistrate judge or the Clerk which fails to include a certificate of service.

25          DATED: June 15, 2015.

26

27                                                      _____
                                                        C.W. Hoffman, Jr.
28                                                      United States Magistrate Judge